2022 IL App (1st) 211149-U

FIRST DISTRICT,
FIRST DIVISION
December 12, 2022

No. 1-21-1149

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| JENNIFER CYGAN, | ) | Appeal from the |
| | ) | Circuit Court of |
| | ) | Cook County, Illinois. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 18 L 4049 |
| | ) | |
| MARTIN SAAVEDRA, | ) | |
| | ) | Honorable |
| | ) | Lorna Propes, |
| Defendant-Appellee. | ) | Judge Presiding. |
| | ) | |

_____

JUSTICE COGHLAN delivered the judgment of the court.
Presiding Justice Lavin and Justice Hyman concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Trial court's grant of summary judgment in favor of defendant on plaintiff's Illinois Gender Violence Act claim affirmed where plaintiff failed to present any evidence that defendant's conduct was motivated "at least in part, on the basis of [the plaintiff's] sex." (740 ILCS 82/5(1)).

¶ 2    Plaintiff Jennifer Cygan filed a complaint against defendant Martin Saavedra pursuant to the Illinois Gender Violence Act (Act) (740 ILCS 82/1 *et seq.*) (West 2018)). Defendant filed a motion for summary judgment, asserting that plaintiff failed to present any evidence that the alleged acts of violence were committed, "at least in part, on the basis of [the plaintiff's] sex."

See 740 ILCS 82/5(1) (West 2018). The trial court granted summary judgment in favor of defendant and dismissed the action with prejudice. Plaintiff now appeals that judgment. We affirm.

¶ 3                                                    BACKGROUND

¶ 4        Plaintiff and defendant's first marriage lasted from December 10, 2009, to February 4, 2011. They remarried on July 2, 2012 and divorced again on April 18, 2013. On April 20, 2018, plaintiff filed an action against defendant, seeking damages under the Act. She alleged that "[d]uring the course of [their] second marriage *** defendant engaged in a course of repeated violent physical and verbal acts against" her. Plaintiff alleged this "conduct *** constituted one or more acts of violence and physical aggression satisfying the elements of battery under the laws of Illinois and thus constituted gender related violence" under section 5 of the Act.

¶ 5        On June 14, 2018, defendant moved to dismiss plaintiff's complaint, arguing, *inter alia*, that plaintiff "never alleges any battery was committed on the basis of her sex," as required under the Act. See 740 ILCS 82/5(1). On July 31, 2018, the trial court granted defendant's motion to dismiss and gave plaintiff leave to file an amended complaint.

¶ 6        On August 1, 2018, plaintiff filed an "Amended Complaint at Law." Plaintiff realleged that defendant "coldcocked [her] in the head with his fist" in December 2012, adding that his "actions were committed on the basis of plaintiff's sex in an effort to assert his dominance and control over her." She further alleged that "on many occasions during their marriage *** the defendant *** engaged in one or more acts of violence and physical aggression that culminated in the unwanted assault and battery on the plaintiff, his wife, on the basis of her sex."

¶ 7        The parties engaged in discovery and on June 16, 2021, defendant filed a motion for summary judgment, alleging that plaintiff had failed to present any evidence that she "is the

victim of gender violence *** which requires that the alleged 'acts of violence or physical aggression were committed, at least in part, on the basis of the person's sex.' " In support of the motion, defendant attached his own deposition, plaintiff's deposition, and affidavits of five fact witnesses, including: his fiancé, Lynn Fell; his ex-wife, Barbara Saavedra; his son, Kanon Saavedra; his daughter, Kaylee Saavedra; and his neighbor, Gloria Anderson.[1]

¶ 8        Defendant "denied all allegations of battery, domestic violence, harassment and intimidation." Fell and Barbara both attested that defendant had "never made inappropriate physical contact" with them and that they "never witnessed [defendant] make any inappropriate physical contact with any female." Kanon and Kaylee asserted that they "never saw [their] father hit, bump, nor push" plaintiff and "never witnessed [defendant] make any inappropriate physical contact with any female." Anderson attested that defendant "treats all people with the utmost courtesy and respect ***."

¶ 9        In response to defendant's motion, plaintiff argued that "there are numerous issues of material fact in dispute," including credibility determinations that are not proper for summary judgment. Relying on her deposition testimony, plaintiff cited "instances of abuse during their marriage," including that defendant pushed her down the stairs in December 2010, " 'cold-cocked' " her in December 2012, and choked her "on the stairs, cutting off [her] air supply, [and] kicking [her] in the stomach ***.' "

¶ 10        On September 16, 2021, the trial court granted defendant's motion for summary judgment and dismissed the case with prejudice.[2] The court acknowledged that whether

---

[1] No depositions are included in the record on appeal.
[2] The record on appeal does not contain a transcript of the hearing conducted on September 16, 2021, but the trial court's order indicates that the court reviewed the pleadings, the depositions of both plaintiff and defendant, and considered the "oral presentations of counsel."

defendant physically attacked plaintiff at any time was "a matter of dispute between the parties." However, "even if a jury were to find plaintiff was assaulted as she claims, that would not satisfy the requirements of [t]he Act, as she offers *no admissible evidence* that defendant's alleged actions were taken because of her sex." (Emphasis added.) The court explained that the "only evidence" offered on this point was elicited by defendant at plaintiff's deposition, as follows:

Q: What makes you think that the reason he's (defendant) mistreating you is because you're a woman?

A: Because I don't see him doing this to any man.

The court held that this testimony was insufficient "to create a genuine issue of material fact as to the elements of gender violence under the Act."

¶ 11    The trial court concluded that conclusory complaint allegations did not constitute "evidence" that defendant's "actions were taken on the basis of sex." Regarding plaintiff's argument that "the purpose of the Act is to punish and discourage the use of abuse by men for purposes of domination and control over women," the trial court found that "[t]here is no such language in the Act." Finally, the trial court considered the inference that "the Act creates a presumption that any battery between two married persons is committed because of gender," to be a "wildly overbroad" interpretation of the Act.

¶ 12                                                   ANALYSIS

¶ 13    In ruling on a motion for summary judgment, the trial court must construe the pleadings, depositions, admissions, and affidavits strictly against the movant and liberally in favor of the opponent. *Beaman v. Freesmeyer*, 2019 IL 122654, ¶ 22. "[A] reviewing court must consider whether the existence of a genuine issue of material fact should have precluded the dismissal, or, absent such an issue of fact, whether summary judgment is proper as a matter of law." *Monson v.*

*City of Danville*, 2018 IL 122486, ¶ 12. "Although a plaintiff is not required to prove [her] case at the summary judgment stage, in order to survive a motion for summary judgment, the nonmoving party must present a factual basis that would arguably entitle the party to a judgment." *Robidoux v. Oliphant*, 201 Ill. 2d 324, 335 (2002). We review the trial court's grant of summary judgment *de novo. Monson*, 2018 IL 122486, ¶ 12.

¶ 14    The Act provides that "[a]ny person who has been subjected to gender-related violence as defined in Section 5 may bring a civil action for damages, injunctive relief, or other appropriate relief against a person or persons perpetrating that gender-related violence." 740 ILCS 82/10 (West 2018). "[G]ender-related violence, which is a form of sex discrimination," is defined, in relevant part, as "[o]ne or more acts of violence or physical aggression satisfying the elements of battery under the laws of Illinois that are committed, at least in part, on the basis of a person's sex, whether or not those acts have resulted in criminal charges, prosecution, or conviction." 740 ILCS 82/5(1).

¶ 15     It is well established that "the appellant has the burden of presenting the reviewing court with a sufficiently complete record of the circuit court proceedings to support a claim of error." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). "Absent such a record, reviewing courts are instructed to assume that the trial court's order comported with the law and was supported by the facts, and any doubts must be resolved against the appellant." *Cruz v. Columbus-Cuneo-Cabrini Medical Center*, 264 Ill. App. 3d 633, 639 (1994) (citing *Foutch*, 99 Ill. 2d at 391-92).

¶ 16    The record in this case does not contain a transcript of either the plaintiff or defendant's depositions.[3] "This court cannot purport to review deposition testimony which is not presented in

---

[3] The record on appeal indicates that plaintiff's and defendant's "Deposition Transcripts [were] served with [defendant's] Motion but not E-Filed." The trial court's written order granting summary judgment indicates that it reviewed "the depositions of both plaintiff and defendant."

its full context." *International Amphitheatre Co. v. Vanguard Underwriters Insurance Co.*, 177 Ill. App. 3d 555, 565 (1988). Plaintiff has failed to provide a sufficient record to allow for "meaningful appellate review" of her claim. *Johnson v. Johnson*, 386 Ill. App. 3d 522, 554 (2008). Since any doubts arising from an insufficient record must be resolved against plaintiff, we may "assume that the trial court's order comported with the law." *Cruz*, 264 Ill. App. 3d at 639.

¶ 17        The trial court found that plaintiff had failed to establish any "admissible evidence" that defendant committed gender-related violence as defined under the Act. Plaintiff argues that the trial court "applied the incorrect standard" by finding that she failed to produce "evidence that defendant's alleged actions were taken *because of* her sex" (emphasis added), as opposed to "at least in part, on the basis of" her sex. The purpose of summary judgment "is not to try a question of fact, but to determine if one exists." *Robidoux*, 201 Ill. 2d at 335. In order to survive a motion for summary judgment, "the nonmoving party must present a factual basis that would arguably entitle [her] to a judgment." *Id.*

¶ 18        Plaintiff maintains that her deposition testimony established multiple instances of abuse throughout the marriage, creating a "reasonable inference" that defendant battered her, at least in part, on the basis of her sex. As discussed above, we are unable to review the deposition testimony, and "[a]ny doubts or deficiencies arising from the incomplete record will be construed against the appellant." *Tebbens v. Levin & Conde*, 2018 IL App (1st) 170777, ¶ 31. We agree with the trial court that evidence that defendant committed batteries, without more, does not show that they were committed, "at least in part, on the basis of [the plaintiff's] sex." See 740 ILCS 82/5(1). To conclude otherwise would, as the trial court noted, be a "wildly overbroad" construction of the Act.

¶ 19        Plaintiff relies on *Brownlee v. Catholic Charities of Archdiocese of Chicago*, No. 16-cv-00665, 2021 WL 269824 (N.D. Ill. Jan. 27, 2021) *amended and superseded on reconsideration by Brownlee v. Catholic Charities of Archdiocese of Chicago*, No. 16-cv-00665, 2022 WL 602652 (N.D. Ill. Mar. 1, 2022), and *Smith v. Farmstand*, No. 11-cv-9147, 2016 WL 5912886 (N.D. Ill. Oct. 11, 2016), in arguing that "a reasonable jury could find that the [defendant's] battery of the [plaintiff] was motivated- at least in part- by her sex." In addition to having no precedential value (*Illinois State Highway Authority v. Amoco Oil Co.*, 336 Ill. App. 3d 300, 317 (2003) (citing *People v. Kidd*, 129 Ill. 2d 432, 457 (1989) (decisions of lower federal courts are not binding on Illinois courts)), the cases cited by plaintiff are factually inapposite to the case at bar.

¶ 20        In *Brownlee*, the plaintiff alleged that her co-worker made sexual comments toward her, "touched [her] shoulders, touched her face with his hand," and "touched her in a sexual nature, and it felt 'creepy.' " *Brownlee*, 2022 WL 602652, at *3. The court found that the "nonconsensual touching" of a "sexual nature" could lead a reasonable jury to find that "such contact was motivated at least in part by [her] sex." *Id.* at *26. In *Farmstand*, the court found that there was sufficient evidence "that the touching in question occurred because of Plaintiff's sex" because "female employees were not subject to this sort of touching, and *** the touching itself was sexual in nature, as it involved the unwanted touching of Plaintiff's intimate body parts." *Farmstand*, 2016 WL 5912886, at *10.

¶ 21        Section 5(1) of the Act requires evidence showing "acts of violence or physical aggression *** that are committed, at least in part, on the basis of a person's sex," whereas section 5(2) requires evidence of a "physical intrusion or physical invasion of a sexual nature under coercive conditions ***."  740 ILCS 82/5(1), (2). The conduct reviewed in *Brownlee* and

*Farmstand* was sexual in nature and, therefore, sufficient to meet the standard under section 5(2). In contrast, the record in this case is insufficient to show that defendant's conduct was either of a sexual nature or committed, at least in part, on the basis of the plaintiff's sex.

¶ 22　　　　Finally, plaintiff argues that summary judgment was improper because "violations of the Gender Violence Act require an inquiry into the state of mind and/or motivation of the person committing the battery, which is a question of fact for the jury." Because plaintiff did not raise this argument in the trial court, it is forfeited on appeal. See *Sheth v. SAB Tool Supply Co.*, 2013 IL App (1st) 110156, ¶ 59 ("This court may deem any arguments not raised in the trial court as waived or forfeit[ed] on appeal.").

¶ 23　　　　　　　　　　　　　　　　　CONCLUSION

¶ 24　　　　For the foregoing reasons, we affirm the trial court's order granting summary judgment in favor of defendant.

¶ 25　　　　Affirmed.